PK

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RECEIVED

NOV 03 2016
11-3-2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA
TANYA L. HARRIS          ,

   **Plaintiff(s),**

    vs.

CHICAGO TITLE + TRUST COMPANY
ELIZABETH M. ROCHFORD,

   **Defendant(s).**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**16 CV 10307
JUDGE ST. EVE
MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* **pro se** *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is  TANYA HARRIS-PARKER .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.     Defendant, _Elizabeth MARGUERITE ROCHFORD_ , is
                       (name, badge number if known)

☒ an officer or official employed by _JuDiciAL STATUS_ ;
                                      (department or agency of government)
_CHICAGO Title + TRUST COMPANY_                              or

☒ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5.     The municipality, township or county under whose authority defendant officer or official

acted is_ COOK COUNTY _. As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6.     On or about_ 01  07  92 , at approximately _ 10⁰⁰ _ ☒ a.m. ☐ p.m.
                    (month,day, year)
plaintiff was present in the municipality (or unincorporated area) of _____

_CHICAGO_ , in the County of _COOK_ ,

State of Illinois, at _1527- 1529 ½ W. ESTES AV._ ,
                       (identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

☐     arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
☐     searched plaintiff or his property without a warrant and without reasonable cause;
☐     used excessive force upon plaintiff;
☒     failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
☐     failed to provide plaintiff with needed medical care;
☒     conspired together to violate one or more of plaintiff's civil rights;
☐     Other:

_____

_____

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____ .

7.  Defendant officer or official acted pursuant to a custom or policy of defendant

    municipality, county or township, which custom or policy is the following: (*Leave blank*

    *if no custom or policy is alleged*):_____

    _____ City OF CHICAGO _____

    _____ City OF Waukegan _____

    _____ .

8.  Plaintiff was charged with one or more crimes, specifically:

    _____

    _____

    _____ NONE _____

    _____

    _____

9.  (*Place an X in the box that applies. If none applies, you may describe the criminal*
    *proceedings under "Other"*) The criminal proceedings

    ☐ are still pending.

    ☒ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

    ☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a

    fair trial as follows_____

    _____ .

    ☐ Other: _____ .

    ---

    [1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
    may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
    conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

    3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

1. ACTS OF TERRORISM SINCE ASSIGNMENT.
Filing complaints against title by FRAUDS.

2. ROCHFORD, DEFENDANT IGNORED THE ASSIGNMENT OF PROPERTIES AS ISSUED VIA PRIVATE PROBATE PROCESS CONDUCTED ON GOOD FRIDAY MARCH 28, 1986. Signed EASTER SUNDAY MARCH 30, 1986. Washington. DC. "LAWN OF WHITE HOUSE" VIA CIRCUS TRAVELS.

3. TRUST DEED registered DOC# 92-043095 ROCHOFORD, DEFENDANT violated the TRUST + TRUSTEES ACT OF ILLINOIS. 1986. Before licensed.

4. FRAUDS: MUNICIPAL CASE 94·M1·1333877 and Chancery CASE 97 CH 674. Acted as employee.

5. Never hired Rochford, defendant

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

LOST OF USE, LOST OF INCOME, PROPERTY damages, harassment, violation of all constitutional rights of the United States of AMERICA.

13. Plaintiff asks that the case be tried by a jury. ☐ Yes ☒No

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

14.    Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A.    Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B.    ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C.    Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _Sanya Harris-Parker_

Plaintiff's name *(print clearly or type)*: _Tanya Harris Parker_

Plaintiff's mailing address: _504 Lakehurst Rd. 504 GR_

City _Waukegan_ State _IL_ ZIP _60085_

Plaintiff's telephone number: (_847_) _473-5365_.

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

_tanyalparker@msn.com_

15.    Plaintiff has previously filed a case in this district. ☐ Yes ☒ No

*If yes, please list the cases below.*

_Wednesday 2, 2016_

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

APPLICATION NO          1969          VOLUME 2959-2 PAGE    428
DOCUMENT NO          3141394) -c          CERTIFICATE NO 1477855          92012316
NOV 1 1989          3299551)          OWNER    RONALD A. NUNZIATO, JR.

92012316

# CERTIFICATE OF TITLE

### Date Of First Registration

FEBRUARY FIRST (1st), 1911
TRANSFERRED FROM
CERTIFICATE NO          1477353
WP

STATE OF ILLINOIS }
COOK COUNTY } SS.          I Harry "Bus" Yourell Registrar of Titles

and for said County, in the State aforesaid, do hereby certify the

RONALD A. NUNZIATO, JR.
(Divorced and not remarried)

of the          CITY OF          County of          COOK          and State of          ILLINOIS
CHICAGO

is   the owner   of an estate in fee simple, in the following describe

Property situated in the County of Cook and State of Illinois, and

Described as Follows:

## DESCRIPTION OF PROPERTY

An undivided 5.50% interest in premises hereinafter described (excepting therefrom the property comprising those Units and parts of Units falling within said premises, as said Units are delineated on Survey attached to and made a part of Declaration of Condominium Ownership registered on the 15th day of January, 1980, as Document Number 3141289).

Said premises being described as follows:  The West Fifty (50) feet of the East One Hundred (100) feet of the West Three Hundred (300) feet, (except the North One Hundred Seventy One (171) feet thereof) of LOT THREE (3), In Block Fifteen (15), of Rogers Park, a Subdivision of parts of Sections 30, 31, and 32, Township 41 North, Range 14, East of the Third Principal Meridian.

NOTE:          OWNERSHIP OF THE PROPERTY DESCRIBED HEREIN IS APPURTENANT TO AND INSEPARABLE FROM UNIT 1529 - GARDEN   DESCRIBED AND DELINEATED IN SAID DECLARATION AND SURVEY WHICH UNIT IS LOCATED ON PREMISES NOT REGISTERED UNDER LAND REGISTRATION ACT.

. DEPT-01 RECORDING          $23.00
. T#5555  TRAN 6357 01/08/92 14:43:00
. #6171 # E  #-92-012316
. COOK COUNTY RECORDER

Subject to the Estates, Easements, Incumbrances and Charges noted 92012316

the following memorials page          of this Certificate.

Witness My hand and Official Seal

this          TWENTY FOURTH (24TH) day of          MARCH          A.D. 23

3-24-83 LAG

Registrar of Titles, Cook County, Illinois

# ᗰEᗰORIALS

## OF ESTATES, EASEMENTS, INCUMBRANCES AND CHARGES ON THE PROPERTY.

| DOCUMENT NO. | NATURE AND TERMS OF DOCUMENT | DATE OF DOCUMENT | DATE OF REGISTRATION YEAR MONTH DAY HOUR | SIGNATURE OF REGISTRAR |
|---|---|---|---|---|
| 285119-81 | General Taxes for the year 1982. 1st Inst. Paid. 2nd Inst. Not Paid. Subject to General Taxes levied in the year 1983. Declaration of Condominium Ownership by North Shore National Bank of Chicago, as Trustee under Trust Number 416 for Tudor Commons Condominiums and the rights, easements, restrictions, agreements, reservations, covenants and By-Laws therein contained. For particulars see Document. (Affects foregoing property and other property) (Appendix B attached) (Plat of Survey Exhibit "A" attached). Dec. 12, 1979 | | | |
| 3141239 In Duplicate | Mortgage from Ronald A. Nunziato Jr. and Linda Rehak Nunziato, to Continental Illinois National Bank and Trust Company of Chicago, a corporation of the United States of America, to secure note in the sum of $23,900.00, payable as therein stated. For particulars see Document. (Legal Description attached) (Rider attached) Nov. 26, 1979 | | Jan. 18, 1980 10:03 AM | |
| 3151393 In Duplicate | Mortgagee's Duplicate Certificate 636933 issued 1-18-80 on Mortgage 3141393. Mortgage from Ronald A. Nunziato, to First Federal Savings And Loan Association of Chicago, to secure note in the sum of $3,672.00, payable as therein stated. For particulars see Document. (Affects foregoing property and other property) Jan. 18, 1983 | | Jan. 18, 1980 12:27 PM | |
| 3299552 | Assignment from First Federal Savings of Chicago, to First National Bank of Chicago, as Trustee, of Mortgage and Note registered as Document Number 3299552. (Legal Description attached) Jan. 18, 1983 | | Mar. 24, 1983 2:07 PM | |
| 3299553 | | | Mar. 24, 1983 2:07 PM | |

92013316

**TRUST DEED**

92043095

CTTC 7

THE ABOVE SPACE FOR RECORDER'S USE ONLY

THIS INDENTURE, made    January 7,    19 92, between    TANYA L. HARRIS, never married,

herein referred to as "Mortgagors," and CHICAGO TITLE AND TRUST COMPANY, an Illinois corporation doing business in Chicago, Illinois, herein referred to as TRUSTEE, witnesseth:

THAT, WHEREAS the Mortgagors are justly indebted to the legal holders of the Instalment Note hereinafter described, said legal holder or holders being herein referred to as Holders of the Note, in the principal sum of    Four thousand six hundred twelve and 50/100 ($4,612.50)-------------------- Dollars,

evidenced by one certain Instalment Note of the Mortgagors of even date herewith, made payable to THE ORDER OF BEARER    RONALD A. NUNZIATO and VIVIAN NUZIATO BAKER as Joint Tenants

and delivered, in and by which said Note the Mortgagors promise to pay the said principal sum and interest from    March 1, 1992    on the balance of principal remaining from time to time unpaid at the rate of    10%    per cent per annum in instalments (including principal and interest) as follows:

_____ Dollars or more on the _____ day of _____ 19 ___, and _____ Dollars or more on the _____ day of each _____ thereafter until said note is fully paid except that the final payment of principal and interest, if not sooner paid, shall be due on the    1st day of March    19 97. All such payments on account of the indebtedness evidenced by said note to be first applied to interest on the unpaid principal balance and the remainder to principal; provided that the principal of each instalment unless paid when due shall bear interest at the rate of    18%    per annum, and all of said principal and interest being made payable at such banking house or trust company in    Chicago    Illinois, as the holders of the note may, from time to time, in writing appoint, and in absence of such appointment, then at the office of _____ in said City,

NOW, THEREFORE, the Mortgagors to secure the payment of the said principal sum of money and said interest in accordance with the terms, provisions and limitations of this trust deed, and the performance of the covenants and agreements herein contained, by the Mortgagors to be performed, and also in consideration of the sum of One Dollar in hand paid, the receipt whereof is hereby acknowledged, do by these presents CONVEY and WARRANT unto the Trustee, its successors and assigns, the following described Real Estate and all of their estate, right, title and interest therein, situate, lying and being in the    City of Chicago    COUNTY OF    Cook    AND STATE OF ILLINOIS, to wit:

UNIT 1529-GARDEN TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN TUDOR COMMONS CONDOMINIUM AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NUMBER 25327205 AND FILED AS DOCUMENT NUMBER LR3141289, IN THE NORTHWEST 1/4 OF SECTION 32, TOWNSHIP 41 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

DEPT-01 RECORDING    $23.50

Second Mortgage

#5235 # B    *-92-043095

which, with the property hereinafter described, is referred to herein as the "premises,"

TOGETHER with all improvements, tenements, easements, fixtures, and appurtenances thereto belonging, and all rents, issues and profits thereof for so long and during all such times as Mortgagors may be entitled thereto (which are pledged primarily and on a parity with said real estate and not secondarily) and all apparatus, equipment or articles now or hereafter therein or thereon used to supply heat, gas, air conditioning, water, light, power, refrigeration (whether single units or centrally controlled), and ventilation, including (without restricting the foregoing), screens, window shades, storm doors and windows, floor coverings, inador beds, awnings, stoves and water heaters. All of the foregoing are declared to be a part of said real estate whether physically attached thereto or not, and it is agreed that all similar apparatus, equipment or articles hereafter placed in the premises by the mortgagors or their successors or assigns shall be considered as constituting part of the real estate.

TO HAVE AND TO HOLD the premises unto the said Trustee, its successors and assigns, forever, for the purposes, and upon the uses and trusts herein set forth, free from all rights and benefits under and by virtue of the Homestead Exemption Laws of the State of Illinois, which said rights and benefits the Mortgagors do hereby expressly release and waive.

This trust deed consists of two pages. The covenants, conditions and provisions appearing on page 2 (the reverse side of this trust deed) are incorporated herein by reference and are a part hereof and shall be binding on the mortgagors, their heirs, successors and assigns.

WITNESS the hand _____ and seal _____ of Mortgagors the day and year first above written.

_____ [ SEAL ]    _Tanya X Harris_    [ SEAL ]
TANYA L. HARRIS

_____ [ SEAL ]    _____ [ SEAL ]

STATE OF ILLINOIS,
County of    COOK    } SS.

I, _____ a Notary Public in and for and residing in said County, in the State aforesaid, DO HEREBY CERTIFY THAT    TANYA . HARRIS, never married,

who    is    personally known to me to be the same person _____ whose name    is    subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that    she    signed, sealed and delivered the said Instrument as    her    free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and Notarial Seal this    7th    day of    January    19 92.

_____ Notary Public

"OFFICIAL SEAL"
Janet Jones
Notary Public, State of Illinois
My Commission Expires 11/28/95
Notarial Seal

Form 807 Trust Deed — Individual Mortgagor — Secures One Instalment Note with Interest Included in Payment.
R. 11/75    Page 1

92043095

Page 2

**THE COVENANTS, CONDITIONS AND PROVISIONS REFERRED TO ON PAGE 1 (THE REVERSE SIDE OF THIS TRUST DEED):**

1. Mortgagors shall (a) promptly repair, restore or rebuild any buildings or improvements now or hereafter on the premises which may become damaged or be destroyed; (b) keep said premises in good condition and repair, without waste, and free from mechanic's or other liens or claims for lien not expressly subordinated to the lien hereof; (c) pay when due any indebtedness which may be secured by a lien or charge on the premises superior to the lien hereof, and upon request exhibit satisfactory evidence of the discharge of such prior lien to Trustee or to holders of the note; (d) complete within a reasonable time any building or buildings now or at any time in process of erection upon said premises; (e) comply with all requirements of law or municipal ordinances with respect to the premises and the use thereof; (f) make no material alterations in said premises except as required by law or municipal ordinance.

2. Mortgagors shall pay before any penalty attaches all general taxes, and shall pay special taxes, special assessments, water charges, sewer service charges, and other charges against the premises when due, and shall, upon written request, furnish to Trustee or to holders of the note duplicate receipts therefor. To prevent default hereunder Mortgagors shall pay in full under protest, in the manner provided by statute, any tax or assessment which Mortgagors may desire to contest.

3. Mortgagors shall keep all buildings and improvements now or hereafter situated on said premises insured against loss or damage by fire, lightning or windstorm (and flood damage, where the lender is required by law to have its loan so insured) under policies providing for payment by the insurance companies of moneys sufficient either to pay the cost of replacing or repairing the same or to pay in full the indebtedness secured hereby, all in companies satisfactory to the holders of the note, under insurance policies payable, in case of loss or damage, to Trustee for the benefit of the holders of the note, such rights to be evidenced by the standard mortgage clause to be attached to each policy, and shall deliver all policies, including additional and renewal policies, to holders of the note, and in case of insurance about to expire, shall deliver renewal policies not less than ten days prior to the respective dates of expiration.

4. In case of default therein, Trustee or the holders of the note may, but need not, make any payment or perform any act hereinbefore required of Mortgagors in any form and manner deemed expedient, and may, but need not, make full or partial payments of principal or interest on prior encumbrances, if any, and purchase, discharge, compromise or settle any tax lien or other prior lien or title or claim thereof, or redeem from any tax sale or forfeiture affecting said premises or contest any tax or assessment. All moneys paid for any of the purposes herein authorized and all expenses paid or incurred in connection therewith, including attorney's fees, and any other moneys advanced by Trustee or the holders of the note to protect the mortgaged premises and the lien hereof, plus reasonable compensation to Trustee for each matter concerning which action herein authorized may be taken, shall be so much additional indebtedness secured hereby and shall become immediately due and payable without notice and with interest thereon at a rate equivalent to the post maturity rate set forth in the note securing this trust deed, if any, otherwise the prematurity rate set forth therein. Inaction of Trustee or holders of the note shall never be considered as a waiver of any right accruing to them on account of any default hereunder on the part of Mortgagors.

5. The Trustee or the holders of the note hereby secured making any payment hereby authorized relating to taxes or assessments, may do so according to any bill, statement or estimate procured from the appropriate public office without inquiry into the accuracy of such bill, statement or estimate or into the validity of any tax, assessment, sale, forfeiture, tax lien or title or claim thereof.

6. Mortgagors shall pay each item of indebtedness herein mentioned, both principal and interest, when due according to the terms hereof. At the option of the holders of the note, and without notice to Mortgagors, all unpaid indebtedness secured by this Trust Deed shall, notwithstanding anything in the note or in this Trust Deed to the contrary, become due and payable (a) immediately in the case of default in making payment of any instalment of principal or interest on the note, or (b) when default shall occur and continue for three days in the performance of any other agreement of the Mortgagors herein contained.

7. When the indebtedness hereby secured shall become due whether by acceleration or otherwise, holders of the note or Trustee shall have the right to foreclose the lien hereof. In any suit to foreclose the lien hereof, there shall be allowed and included as additional indebtedness in the decree for sale all expenditures and expenses which may be paid or incurred by or on behalf of Trustee or holders of the note for attorneys' fees, Trustee's fees, appraiser's fees, outlays for documentary and expert evidence, stenographers' charges, publication costs and costs (which may be estimated as to items to be expended after entry of the decree) of procuring all such abstracts of title, title searches and examinations, title insurance policies, Torrens certificates, and similar data and assurances with respect to title as Trustee or holders of the note may deem to be reasonably necessary either to prosecute such suit or to evidence to bidders at any sale which may be had pursuant to such decree the true condition of the title to or the value of the premises. All expenditures and expenses of the nature in this paragraph mentioned shall become so much additional indebtedness secured hereby and immediately due and payable, with interest thereon at a rate equivalent to the post maturity rate set forth in the note securing this trust deed, if any, otherwise the prematurity rate set forth therein, when paid or incurred by Trustee or holders of the note in connection with (a) any proceeding, including probate and bankruptcy proceedings, to which either of them shall be a party, either as plaintiff, claimant or defendant, by reason of this trust deed or any indebtedness hereby secured; or (b) preparations for the commencement of any suit for the foreclosure hereof after accrual of such right to foreclose whether or not actually commenced; or (c) preparations for the defense of any threatened suit or proceeding which might affect the premises or the security hereof, whether or not actually commenced.

8. The proceeds of any foreclosure sale of the premises shall be distributed and applied in the following order of priority: First, on account of all costs and expenses incident to the foreclosure proceedings, including all such items as are mentioned in the preceding paragraph hereof; second, all other items which under the terms hereof constitute secured indebtedness additional to that evidenced by the note, with interest thereon as herein provided; third, all principal and interest remaining unpaid on the note; fourth, any overplus to Mortgagors, their heirs, legal representatives or assigns, as their rights may appear.

9. Upon, or at any time after the filing of a bill to foreclose this trust deed, the court in which such bill is filed may appoint a receiver of said premises. Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of Mortgagors at the time of application for such receiver and without regard to the then value of the premises or whether the same shall be then occupied as a homestead or not and the Trustee hereunder may be appointed as such receiver. Such receiver shall have power to collect the rents, issues and profits of said premises during the pendency of such foreclosure suit and, in case of a sale and a deficiency, during the full statutory period of redemption, whether there be redemption or not, as well as during any further times when Mortgagors, except for the intervention of such receiver, would be entitled to collect such rents, issues and profits, and all other powers which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the premises during the whole of said period. The Court from time to time may authorize the receiver to apply the net income in his hands in payment in whole or in part of: (a) The indebtedness secured hereby, or by any decree foreclosing this trust deed, or any tax, special assessment or other lien which may be or become superior to the lien hereof or of such decree, provided such application is made prior to foreclosure sale; (b) the deficiency in case of a sale and deficiency.

10. No action for the enforcement of the lien or of any provision hereof shall be subject to any defense which would not be good and available to the party interposing same in an action at law upon the note hereby secured.

11. Trustee or the holders of the note shall have the right to inspect the premises at all reasonable times and access thereto shall be permitted for that purpose.

12. Trustee has no duty to examine the title, location, existence or condition of the premises, or to inquire into the validity of the signatures or the identity, capacity, or authority of the signatories on the note or trust deed, nor shall Trustee be obligated to record this trust deed or to exercise any power herein given unless expressly obligated by the terms hereof, nor be liable for any acts or omissions hereunder, except in case of its own gross negligence or misconduct or that of the agents or employees of Trustee, and it may require indemnities satisfactory to it before exercising any power herein given.

13. Trustee shall release this trust deed and the lien thereof by proper instrument upon presentation of satisfactory evidence that all indebtedness secured by this trust deed has been fully paid; and Trustee may execute and deliver a release hereof to and at the request of any person who shall, either before or after maturity thereof, produce and exhibit to Trustee the note, representing that all indebtedness hereby secured has been paid, which representation Trustee may accept as true without inquiry. Where a release is requested of a successor trustee, such successor trustee may accept as the genuine note herein described any note which bears an identification number purporting to be placed thereon by a prior trustee hereunder or which conforms in substance with the description herein contained of the note and which purports to be executed by the persons herein designated as the makers thereof; and where the release is requested of the original trustee and it has never placed its identification number on the note described herein, it may accept as the genuine note herein described any note which may be presented and which conforms in substance with the description herein contained of the note and which purports to be executed by the persons herein designated as makers thereof.

14. Trustee may resign by instrument in writing filed in the office of the Recorder or Registrar of Titles in which this instrument shall have been recorded or filed. In case of the resignation, inability or refusal to act of Trustee, the then Recorder of Deeds of the county in which the premises are situated shall be Successor in Trust. Any Successor in Trust hereunder shall have the identical title, powers and authority as are herein given Trustee.

15. This Trust Deed and all provisions hereof, shall extend to and be binding upon Mortgagors and all persons claiming under or through Mortgagors, and the word "Mortgagors" when used herein shall include all such persons and all persons liable for the payment of the indebtedness or any part thereof, whether or not such persons shall have executed the note or this Trust Deed. The word "note" when used in this instrument shall be construed to mean "notes" when more than one note is used.

16. Before releasing this trust deed, Trustee or successor shall receive for its services a fee as determined by its rate schedule in effect when the release deed is issued. Trustee or successor shall be entitled to reasonable compensation for any other act or service performed under any provisions of this trust deed. The provisions of the "Trust And Trustees Act" of the State of Illinois shall be applicable to this trust deed.

| | |
|---|---|
| **IMPORTANT!** FOR THE PROTECTION OF BOTH THE BORROWER AND LENDER THE INSTALMENT NOTE SECURED BY THIS TRUST DEED SHOULD BE IDENTIFIED BY CHICAGO TITLE AND TRUST COMPANY, TRUSTEE, BEFORE THE TRUST DEED IS FILED FOR RECORD. | Identification No _763124_ <br><br> CHICAGO TITLE AND TRUST COMPANY, <br> _Trustee._ <br> By _____ <br> _Assistant Secretary/Assistant Vice President_ |

MAIL TO:
ELIZABETH M. ROCHFORD
4760 West Devon Avenue
Lincolnwood, Illinois    60646-4444
(708) 679-9993

☐ PLACE IN RECORDER'S OFFICE BOX NUMBER

FOR RECORDER'S INDEX PURPOSES
INSERT STREET ADDRESS OF ABOVE
DESCRIBED PROPERTY HERE

1529 West Estes   Garden Apt.
Chicago, Illinois

AFTER RECORDING MAIL TO:   RONALD A NUNZIATO, JR.
                          1629 W NORTHSHORE
                          CHICAGO IL 60626

**92588750**                                    Loan No. __221366-4__

## FULL SATISFACTION AND RELEASE OF MORTGAGE (DEED OF TRUST)

**KNOW ALL MEN BY THESE PRESENTS, that**

**TALMAN HOME MORTGAGE CORPORATION**

a corporation existing under the laws of the State of Illinois, having an office at 4242 North Harlem Avenue, Norridge, Illinois 60634, for and in consideration of the payment of the indebtedness secured by the Mortgage or Deed of Trust hereinafter mentioned, and the cancellation of all the notes thereby secured, and of the sum of one dollar, the receipt whereof is hereby acknowledged, does hereby **REMISE, CONVEY, RELEASE** and **QUIT CLAIM** unto   RONALD A. NUNZIATO, JR. AND LINDA REHAK NUNZIATO, HIS WIFE

all the right, title, interest, claim or demand whatsoever it may have acquired in, through or by a certain Mortgage or Deed of Trust recorded/registered in the Recorder's/Registrar's office of   COOK       County, State of   ILLINOIS      , as Document No.   25327228 · to the premises therein described to-wit: ASSIGNMENT OF MORTGAGE DOCUMENT NO. 86566229 & 86566246 DATED 5/1/86

SEE LEGAL DESCRIPTION ATTACHED HERETO:

PROPERTY ADDRESS:    1529 W. ESTES UNIT (GARDEN), CHICAGO IL 60626
PERMANENT INDEX NUMBER:    11-32-104-036-1001

**IN WITNESS WHEREOF,**
TALMAN HOME MORTGAGE CORPORATION has caused this instrument to be executed by
its Loan Servicing Officers and its Corporate Seal affixed, this 13th  day of
February, 1992
**TALMAN HOME MORTGAGE CORPORATION**

```
.   DEPT-01 RECORDINGS              $31.50
.   T#7777  TRAN 2406 08/07/92 15:21:00
.   #1448 #  *-92-588750
.   COOK COUNTY RECORDER
```

Attest: _____     By: _____
              Loan Servicing Officer                    Loan Servicing Officer

STATE OF ILLINOIS
                          SS
COUNTY OF ___COOK___

The undersigned, a Notary Public in and for the County and State aforesaid, does hereby certify that the persons whose names are subscribed to the foregoing instrument are personally known to me to be duly authorized officers of Talman Home Mortgage Corporation, and that they appeared before me this day in person and severally acknowledged that they signed and delivered the said instrument in writing, as duly authorized officers of the said Corporation and caused the Corporate Seal of said Corporation to be affixed thereto pursuant to authority given by the Board of Directors of said Corporation as their free and voluntary act, and as the free and voluntary act and deed of said Corporation for the uses and purposes therein set forth.
GIVEN under my hand and notarial seal this __13th_ day of _February_, 19_92_

THIS INSTRUMENT WAS PREPARED BY Mary Lannon
TALMAN HOME MORTGAGE CORP.
4242 N. HARLEM AVE.
NORRIDGE IL 60634
NAME AND ADDRESS

Commission Expiration Date: _____

"OFFICIAL SEAL"
MARY C. LANNON
Notary Public, State of Illinois
My Commission Expires 2/1/94

# FOR THE PROTECTION OF THE OWNER, THIS RELEASE SHALL BE FILED WITH THE RECORDER'S/REGISTRAR'S OFFICE WHERE THE MORTGAGE OR DEED OF TRUST WAS FILED.

FORM NO.M3729  OCT 86

UNIT NUMBER 1529-GARDEN IN TUDOR COMMONS CONDOMINIUMS AS DELINEATED ON SURVEY OF THE FOLLOWING DESCRIBED PARCEL OF REAL ESTATE (HEREINAFTER REFERRED TO AS "PARCEL"): THE WEST 50.0 FEET OF THE EAST 100.0 FEET OF THE WEST 300.0 FEET OF LOT 3 IN BLOCK 15 IN ROGERS PARK, A SUBDIVISION OF PARTS OF SECTIONS 30, 31 AND 32, TOWNSHIP 41 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, WHICH IS ATTACHED AS APPENDIX "A" TO THE DECLARATION OF CONDOMINIUM OWNERSHIP MADE BY THE FIRST NATIONAL BANK AND TRUST COMPANY OF BARRINGTON, A NATIONAL BANKING ASSOCIATION, AS TRUSTEE, UNDER TRUST AGREEMENT DATED NOVEMBER 19, 1976 AND KNOWN AS TRUST NUMBER 11-1190, REGISTERED IN THE OFFICE OF THE REGISTRAR OF TITLES OF COOK COUNTY, ILLINOIS ON JANUARY 18, 1980 AS DOCUMENT NUMBER 25327205; TOGETHER WITH AN UNDIVIDED 5.50% PERCENT INTEREST IN SAID PARCEL (EXCEPTING FROM SAID PARCEL, THE PROPERTY AND SPACE COMPRISING ALL THE UNITS AS DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY), ALL IN COOK COUNTY, ILLINOIS.



MAIL TO: RON NUNZIATO
1628 W. NORTHSHORE
CHGO, IL. 60626